**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES<br>        Plaintiff,<br><br>v.<br><br>SAMUEL FONSECA and<br>ELIJAH MELTON,<br>        Defendants. | )<br>)<br>)    Crim. No. 22-CR-10356-LTS<br>)<br>)    Hon. Leo T. Sorokin<br>)<br>)<br>) |

**ATTORNEY'S RESPONSE TO GOVERNMENT'S**
**MOTION FOR SHOW CAUSE HEARING**

COMES NOW the undersigned counsel, Beau B. Brindley, and provides the following response to the Government's Motion For Show Cause Hearing (Dkt. 322):

The undersigned was disqualified from representing Mr. Melton in this case due to a finding of a conflict of interest stemming from concurrent representation of Theodore Richards, who is Mr. Melton's co-defendant in case 25-cr-10288. However, the undersigned still represents Mr. Melton in a murder-for-hire case in the District of Rhode Island, 1:24-cr-00059. The Rhode Island Court conducted its own inquiry into the conflict found in this case and determined that it would not necessitate disqualification of the undersigned as Mr. Melton's counsel there.

As part of his ongoing representation of Mr. Melton, the undersigned is in frequent communication with him. During a recent conversation, Mr. Melton expressed dissatisfaction with the plea negotiations conducted by Mr. Halpern, who represents him in both of the cases pending before this Court. He expressed to the undersigned that Mr. Halpern was attempting to negotiate a global plea deal that would encompass both of these cases and the Rhode Island case, in which the undersigned represents Mr. Melton and Mr. Halpern does not. These negotiations involving the Rhode Island case were apparently ongoing without anyone engaging the

undersigned.  Mr. Melton expressed that he was not happy with the numbers being discussed, but could be open to a global plea if the numbers were more favorable.

Under the circumstances, the undersigned did not believe there was anything inappropriate whatsoever in discussing these global plea negotiations with Mr. Melton, who raised them with the undersigned of his own volition. The undersigned did not interpret the Court's disqualification order as any sort of gag order and does not believe the Court intended for it to be. Mr. Melton is free to share whatever information he wishes to with the undersigned during the course of the representation in the Rhode Island case, and this information concerning possible global plea negotiations was obviously relevant to that representation.

Mr. Melton specifically asked the undersigned if he could inquire with the US Attorneys Offices prosecuting his cases if a better global resolution was possible. As his counsel in one of the three cases, the undersigned once again did not believe there was anything improper or inappropriate about doing so. When he sent a proposal for a global resolution on behalf of Mr. Melton, he included Mr. Halpern in those discussions. He did not attempt to go behind Mr. Halpern's back or to interfere in the attorney-client relationship between him and Mr. Melton. He acted at the direction of his client and took a step that he believed was within the scope of his representation in the Rhode Island case, which was part of the ongoing negotiations.

Mr. Melton specifically indicated that the prior global plea negotiations did not involve cooperation and that he was not interested in cooperation. There were thus no issues raised for the undersigned that would cause him to hesitate to treat Mr. Melton's request to engage in global plea negotiations the same as he would a request from any other defendant with multiple cases.

If the undersigned had never represented Mr. Melton in this case, but only in Rhode Island, he would have taken the same action (though with less familiarity with the facts of this case). The disqualification order in this case did not change the undersigned's view of what was appropriate to discuss with the government when Mr. Melton specifically requested that he engage in global plea negotiations. If Mr. Melton had a case in the District of Connecticut, in Massachusetts state court, or in any other jurisdiction, the undersigned would not hesitate to enter global plea negotiations at Mr. Melton's request and in coordination with the counsel who represented him in those cases. He does not view his actions here any differently.

Any global resolution to these three cases necessarily must involve the undersigned, who represents Mr. Melton in one of the cases at issue. It is therefore difficult to understand exactly what problem the government believes is presented by the undersigned making a global resolution proposal on Mr. Melton's behalf and at his explicit direction.

Respectfully submitted,

By: /s/ Beau B. Brindley

LAW OFFICES OF BEAU B. BRINDLEY
53 West Jackson Boulevard
Suite 1410
Chicago, Illinois 60604
(312) 765-8878